Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Frank Severa, Appellant.

Argued October 7, 1976, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Frank Severa,* appellant, for himself.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, November 15, 1976:

Frank Severa, an unemployment compensation claimant, has appealed a determination by the Unemployment Compensation Board of Review denying him benefits under the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. 2897, *as amended,* 43 P.S. §751 et seq. The Board concluded that Severa had failed to satisfy the financial requirements of Section 401(a)(1) of the Unemployment Compensation Law, 43 P.S. §801(a)(1), which states:

"Compensation shall be payable to any employe who is or becomes unemployed, and who—

"(a)  Has, within his base year, been paid wages for unemployment as required by Section 404(c) of this Act: Provided, however, that (1) not less than twenty per centum (20%) of the employe's total base year wages have been paid in one or more quarters, other than the highest quarter in such employe's base year. . . ."

The claimant applied for unemployment compensation on October 6, 1974. Therefore, his base year, as

defined by Sec. 4 of the Unemployment Compensation Law,[1] consisted of the third and fourth quarters of 1973 and the first two quarters of 1974. It is undisputed that the claimant, Frank Severa, earned $6,005.00 during the base year. His earnings during his highest quarter, the third quarter of 1973, amounted to $5,338.00. The remaining $667.00 of the claimant's income was earned in the fourth quarter of 1973. The referee found and the Board agreed that the claimant did not have earnings equal to or in excess of 20% of his base year wages in any quarter other than the highest earning quarter of his base year, thus denied benefits under Section 401(a)(1), 43 P.S. §801 (a)(1).

The result reached by the Referee and the Board is clearly supported by the terms of Section 401(a)(1) and the evidence in the record. In one of the base year quarters the claimant earned more than $5300. In no other quarter did he earn 20% of his total base year earnings.

Section 4(a)(2), 43 P.S. §753(a)(2) of the Unemployment Compensation Law provides that a claimant who fails to qualify under Section 4(a)(1), 43 P.S. §753(a)(1) may elect to have his base year consist of the first four of the completed calendar quarters immediately preceding the first day of his benefit year. Had Severa elected to have his base year thus fixed, it would include the last quarter of 1973, in which he earned $667.00 and the first three quarters of 1974, in which he earned nothing. Obviously, he would still

---

[1] "Base year" means the first four of the last five completed calendar quarters immediately preceding the first day of an individual's benefit year. 43 P.S. §753(a)(1). "Benefit year" with respect to an individual who files or who has filed a "Valid Application for Benefits" means the fifty-two consecutive week period beginning with the day as of which such "Valid Application for Benefits" is filed. 43 P.S. §753(b).

70

not qualify under Section 401(a)(1), 43 P.S. §801(a)(1) because he would in such case show no earnings in any quarter other than that in which he earned $667.00.

Accordingly, we enter the following:

ORDER

AND Now, this 15th day of November, 1976, it is ordered that the appeal of Frank Severa be and is hereby dismissed and that the decision of the Unemployment Compensation Board of Review be and is hereby affirmed.